## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

          Plaintiff,

vs.                                        Case No. 06-20060-03-JWL

Lauren A. McGoff-Lovelady,

          Defendant.

### MEMORANDUM AND ORDER

### Background

Defendant, on July 25, 2006, pled guilty to conspiracy to manufacture cocaine base "crack", and possess with intent to distribute and to distribute 50 grams or more of crack cocaine, within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii) and 860(a). (Doc. 47). The plea agreement contained a waiver of appeal and collateral attack. On December 5, 2006, this court sentenced defendant to 120 months imprisonment. (Doc.106). Thereafter, defendant did not appeal her sentence to the Tenth Circuit. This matter, filed on November, 29, 2007, is presently before the court on a motion for extension of time to file an 18 U.S.C. § 2255 motion. (Doc. 123).

### Discussion

Defendant asserts that while her court appointed attorney informed her that gun charges which were included in the indictment against her would be dropped, he failed to inform her that she would receive a two level firearm enhancement under the provisions of U.S.S.G. § 2D1(b)(1) of the federal sentencing guidelines. According to defendant,

she is unable to receive time off in order to attend a drug program because of the two level gun enhancement.  Defendant asserts that she and her mother both began requesting her legal files from counsel, in or about May of 2006 but have not yet received any files or documents and thus is unable to timely file a § 2255 motion.  The government requests that the court deny defendant's motion because defendant entered into a knowing and voluntary plea agreement with the government in which she waived several rights including the right to appeal her sentence or make a collateral attack.

As will be explained, the court intends to treat defendant's motion for extension of time as a motion under § 2255 unless defendant notifies the court to the contrary within thirty days from the date of this order.  Further, although the government has not raised the issues of timeliness, jurisdiction, ripeness, or recharacterization, it is incumbent upon the court to do so.  Lastly, because the court intends to recharacterize defendant's motion as a § 2255 motion, the court will not reach the merits of defendant's claim.

I. Timeliness

Defendant was convicted and sentenced in this court in December 5, 2006 and she did not file a direct appeal with the Tenth Circuit.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), defendant has one year from the time her conviction became final in which to file a motion to vacate, set aside or correct her sentence. *See* 28 U.S.C. § 2255.  Defendant had ten days in which to file an appeal with the Tenth Circuit. Fed. R.APP. P. 4(b)(1)(A)(i)(2008) (stating that a notice of appeal must be filed within ten days after the entry of judgment).  Because defendant did not file a direct appeal with the Tenth Circuit, her conviction became final on December 19, 2007

2

when the ten day period for filing a direct appeal expired. *See* Fed. R.APP. P. 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days).   Pursuant to § 2255, defendant's motion for extension is timely, as her conviction did not become final until December 19, 2007 and her motion for extension of time was filed on November 29, 2007, clearly within the one year period.

II. Jurisdiction and Ripeness

It is well established in the Tenth Circuit that the one year period of limitation is not jurisdictional, but instead, is in the nature of a statute of limitations and subject to equitable tolling, thus court has jurisdiction to consider defendant's request for an extension. *See United States v. Housh*, No. 00-20053-01-JWL, 2002 WL 398733 (D. Kan. Feb. 27, 2002) (unpublished) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

Because the court has jurisdiction to consider a defendant's request for an extension, however, does not mean that the motion is ripe for adjudication.   This court previously held that a motion for extension of time to file a § 2255 motion is not ripe until the defendant actually files a § 2255 motion. *See Housh*, 2002 WL 39873, at *1. Subsequent to *Housh*, the Tenth Circuit, in *United States v. Daniels*, affirmed a district court's dismissal of a motion seeking to file a §2255 motion out of time. No. 05-3471, 2006 WL 1892584 (10th Cir. July 11, 2006) (unpublished).   The court held that the motion was not ripe because it was not an actual § 2255 motion, and similar to *Housh*, would only become ripe when a § 2255 motion had been filed.   While *Daniels* is an unpublished decision, because ripeness implicates Article III Section 2 of the United States Constitution, and its reasoning is sound, the court feels constrained to follow

*Daniels*.  The authority of federal district courts extends only to cases or controversies which Congress has empowered them to hear.  To begin with, there is no action or proceeding pending.  Defendant's criminal case has ended and she has not filed a motion pursuant to § 2255, thus there is no civil action either.

Although the motion is not ripe for adjudication because a § 2255 motion has not been filed, the court is not constrained to dismiss this motion.  When a motion for extension of time is filed without a § 2255 already being filed, the courts have discretion between either dismissing the motion or recharacterizing the motion as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383-84 (2003); *see also United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).

## III. Recharacterizatoin

"Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion a *pro se* federal prisoner has labeled differently." *Castro*, 540 U.S. at 377.  Several courts in the Tenth Circuit have recharacterized motions for extension of time to file § 2255 motions as actual § 2255 motions. *See Ireland v. United States*, No. 2:04-CR-658-TS, 2008 WL 215560 (D. Utah Jan. 24, 2008) (unpublished) (allowing defendant to withdraw motion, after making defendant aware that the court intended to  recharacterize defendant's motion for extension to file a § 2255 motion as an actual § 2255 motion); *United States v. Van Pelt*, Nos. CIV. A. 99-3137-SAC, CRIM. 92-40042-01-SAC, 2001 WL 401313 (D. Kan. Feb. 2, 2001) (unpublished) (denying defendant's § 2255 after recharacterizing defendant's motion for extension of time as an actual § 2255 motion).

4

Because defendant's time for seeking relief under § 2255 has expired and her motions, when liberally construed, can arguably be interpreted as a claim of ineffective assistance of counsel, the court intends to treat defendant's motion for extension of time as a motion under 18 U.S.C. § 2255 unless defendant files with the court a notice of her desire not to have it so treated and thus to withdraw the motion no later than March 24, 2008.  *See Castro,* 540 U.S. at 383-84 (defendants must be made aware of the risk associated with recharacterization as a § 2255 motion and allow the defendant an opportunity to contest the recharacterization, or to withdraw or amend the motion).  In the alternative, defendant may also file a motion to amend her motion to set out explicitly her grounds for § 2255 relief no later than that date.  The court advises defendant that if she does not so notify the court of her request to amend the motion or withdraw the motion altogether, defendant's motion for extension of time will be construed as a § 2255 motion. *See Kelly*, 235 F.3d at 1242.  If defendant does not respond within thirty days, defendant will not have the ability to amend the § 2255 motion, and any and all motions filed thereafter under § 2255 will be construed as successive and can only be filed with permission by the Court of Appeals for the Tenth Circuit.  *See United States v. Franklin*, No. 03-10151-01-WEB, 2006 WL 3240842, at *1 (D. Kan. Nov. 7, 2006) (unpublished).  If defendant chooses to respond within thirty days and requests to amend the motion under § 2255, she must include all claims that can be brought under 28 U.S.C. § 2255. *Id*.

It is incumbent upon the court to notify defendant that there is a one year statute of limitations period under § 2255, and that statute of limitations ran on December 20, 2008.  Therefore, if defendant either does not respond to this order or chooses to amend her motion to be treated as a § 2255 motion, equitable tolling will not be an issue as a §

2255 motion will have been filed within the period of limitation. The court, however, again feels constrained to notify defendant that if she chooses to withdraw her motion and later file a § 2255 motion, equitable tolling will be a hurdle defendant must overcome because her § 2255 motion will be filed after the period of limitation. Equitable tolling is available only in very rare and exceptional circumstances where defendants diligently pursue their claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond their control.

IV. Plea Agreement

Lastly, the government argues that because defendant entered into a knowing and voluntary plea agreement with the government, her motion should be dismissed. Although, the court will not reach the merits of defendant's claim, the court feels constrained to mention that although a court need not hesitate to hold a defendant to the terms of a lawful plea agreement, *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007), there are exceptions to the rule. *United States v. Cockerham*, 237 F.3d 1179, 1182-83 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). Such exceptions include where the agreement was involuntary or unknowing or where the agreement is otherwise unlawful. *Id*. Moreover, a plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. *Id*. at 1187.

In deciding the enforceability of a plea agreement waiver of post-conviction rights, the courts apply a three prong test: (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of

6

justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The Tenth Circuit has held that defendants have the burden of demonstrating from the record that a waiver was not knowing and voluntary, *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003), and that enforcement of a waiver provision results in a miscarriage of justice only when: (1) the district court relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with negotiation of the waiver renders the waiver invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. *Hahn*, 359 F.3d 1180, 1193 (10th Cir.2005). As previously mentioned, the Tenth Circuit has also held that a plea agreement waiver does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver, but all other ineffective assistance of counsel claims do fall within the scope of a proper waiver. *Cockerham*, 237 F.3d at 1187.

Conclusion

Defendant is granted until March 24, 2008 to file a supplemental pleading stating whether she wants the court to treat the motion for extension of time as a § 2255 motion. If defendant elects to have her motion considered under § 2255, she shall request to amend the motion and shall state whatever grounds she claims for arguing that her sentence was either imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.

IT IS SO ORDERED.

Signed this 22nd day of February 2008.

s/ John W. Lungstrum
JUDGE JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE