## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

**v.**                           **Case No. 06-20060-03-JWL**
                                      **08-2117-JWL**

**Lauren McGoff-Lovelady,**

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

In July 2006, Lauren McGoff-Lovelady pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of "crack" cocaine within 1000 feet of a school. In the plea agreement executed by Ms. McGoff-Lovelady, she waived her right to appeal or collaterally attack any matter in connection with her prosecution, conviction and sentence, including her right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). In December 2006, Ms. McGoff-Lovelady was sentenced to a 120-month term of imprisonment–the statutory mandatory minimum sentence.

In March 2008, Ms. McGoff-Lovelady filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (doc. 131). In her motion to vacate, Ms. McGoff-Lovelady asserts that she received ineffective assistance of counsel in connection with the negotiation of the plea agreement and her decision to plead guilty because her counsel utilized "scare tactics" to convince her to accept the plea agreement and because her counsel neglected

to advise her that she would receive a sentencing enhancement related to her use and possession of a firearm in connection with her drug offense despite the fact that the firearm charge was dismissed.[1]   She further contends that she received ineffective assistance of counsel in connection with her sentencing hearing because her counsel failed to advise the court about the substantial assistance provided to the government by Ms. McGoff-Lovelady.[2]   In response, the government contends that Ms. McGoff-Lovelady's ineffective assistance claims concerning her plea do not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the claim concerning sentencing has been expressly waived by Ms. McGoff-Lovelady in her plea agreement–a waiver that the government moves to enforce.   As explained below, Ms. McGoff-Lovelady's ineffective assistance claims concerning her plea do not satisfy *Strickland v. Washington* and she has waived her claim concerning sentencing.   Thus, Ms. McGoff-Lovelady's petition is denied in part and dismissed in part and the government's motion to enforce is granted.

---

[1]As part of Ms. McGoff-Lovelady's plea agreement, the government agreed to move for the dismissal of the remaining counts of the Indictment, including Count 7 of the Indictment, which charged Ms. McGoff-Lovelady with the use and possession of a firearm in connection with drug trafficking activity, and the record reflects that the firearm charge was dismissed accordingly.

[2]In her motion, Ms. McGoff-Lovelady also requests "compassionate release" because her mother is ill and is no longer able to care for Ms. McGoff-Lovelady's children.   This is not a valid claim under 28 U.S.C. § 2255.   *See* 28 U.S.C. § 2255 (setting forth four grounds upon which relief from sentence may be granted: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack).

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Ms. McGoff-Lovelady waived her right to challenge her sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or

change his [sic] sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when [s]he entered [her] plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Ms. McGoff-Lovelady clearly waived the right to raise her claim concerning ineffective assistance of counsel at the sentencing hearing. However, her remaining ineffective assistance claims concerning the negotiation of the plea and her decision to plead guilty arguably fall within *United States v. Cockerham* and the court discusses those claims more fully below.

*Knowing and Voluntary*

Ms. McGoff-Lovelady does not dispute that her waiver was knowing and voluntary except to the extent she asserts that her counsel was ineffective in connection with the plea–an argument that the court addresses below in connection with the miscarriage-of-justice prong of the *Hahn* analysis. Putting that argument aside, the record reflects that Ms. McGoff-Lovelady's waiver was knowing and voluntary. Paragraph 13 of Ms. McGoff-Lovelady's plea agreement

expressly states that she "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Cervantes*, 2004 WL 1798305, at *10 (10th Cir. Aug.12, 2004) (rejecting defendant's argument that waiver was not knowing and voluntary where plea agreement expressly stated that the defendant knowingly waived his right to appeal or otherwise challenge sentence); *United States v. Elliott*, 264 F.3d 1171, 1174 n.1 (10th Cir. 2001) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and expressly waive[d] the right' to appeal").

In addition, the court, during its Rule 11 colloquy with Ms. McGoff-Lovelady, discussed with her the fact that she had waived her right to appeal or otherwise challenge her sentence through a § 2255 motion. Ms. McGoff-Lovelady assured the court that she understood that she had waived her right to challenge her sentence through appeal or collateral attack and that she was entirely willing to do so.

*Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. The only miscarriage-of-justice situation that arguably applies here is the one concerning the ineffective assistance of counsel in conjunction with the negotiation of the

5

waiver–a situation expressly excluded from the waiver executed by Ms. McGoff-Lovelady. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).

According to Ms. McGoff-Lovelady, she received ineffective assistance of counsel in connection with the negotiation of the plea and her decision to plead guilty. Specifically, she asserts that her counsel utilized "scare tactics" to convince her to accept the plea agreement and that her counsel neglected to advise her that she would receive a sentencing enhancement for use and possession of a firearm despite the fact that the firearm charge was dismissed.[3] The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that her attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

Ms. McGoff-Lovelady has not demonstrated that she suffered any prejudice with respect to her counsel's allegedly deficient performance in allegedly failing to advise her about the firearm enhancement. *Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000) (court need not

---

[3]Ms. McGoff-Lovelady does not complain that the enhancement increased the length of her sentence (indeed, she received the statutory mandatory minimum sentence), she complains that the enhancement renders her ineligible for early release upon successful completion of her residential drug program and for other programs.

address whether counsel's performance was deficient if petitioner cannot demonstrate prejudice). To show the requisite prejudice in the context of a guilty plea, Ms. McGoff-Lovelady "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007). She cannot make this showing. Significantly, Ms. McGoff-Lovelady has not even alleged that, had her counsel advised her about the enhancement, she would have turned down the plea and insisted on going to trial. Moreover, it is highly unlikely that she would have made that decision. Count 1 of the Indictment charged Ms. McGoff-Lovelady with conspiracy to possess with intent to distribute and to distribute 50 grams or more of "crack" cocaine within 1000 feet of a school. The factual basis of Ms. McGoff-Lovelady's plea agreement clearly supports this charge. Count 7 of the Indictment charged Ms. McGoff-Lovelady with use of a 9mm FEG 9x18 pistol during and in relation to a drug trafficking crime and with possession of that firearm in furtherance of a drug trafficking crime. The factual basis of Ms. McGoff-Lovelady's plea agreement includes Ms. McGoff-Lovelady's admission that the 9mm FEG 9x18 pistol discovered at her residence (where drug trafficking occurred) belonged to her and that she obtained it during a drug transaction. There is little doubt that if Ms. McGoff-Lovelady proceeded to trial on the conspiracy and firearm counts, a jury would have convicted her on both counts. *See United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (while defendant is not required to show reasonable probability that she would have prevailed at trial but for counsel's mistakes, the assessment of whether she would have changed her plea depends in large part on a prediction of outcome at trial and that prediction is based on factual

circumstances surrounding plea).  At best, the end result of those convictions would be a mandatory minimum sentence of 10 years on the conspiracy charge and a mandatory consecutive term of 60 months to follow on the firearm charge.  18 U.S.C. § 924(c)(1)(A)(i) and (D)(ii) (firearm count carries a mandatory sixty-month term of imprisonment and must run consecutive to the drug count).  Thus, if she had proceeded to trial, Ms. McGoff-Lovelady would be in a far worse position than she is today.

For the same reason, Ms. McGoff-Lovelady cannot show prejudice with respect to her claim that her counsel utilized "scare tactics" to persuade her to plead guilty.  The nature of these tactics, according to Ms. McGoff-Lovelady, amounted to her counsel telling her that she had "better take the deal" or she "would get 15-plus years"; that the plea agreement was "the best plea" she would get; and that she was "lucky to get 10 years."  Again, Ms. McGoff-Lovelady does not contend that she would have proceeded to trial rather than enter a guilty plea but for the conduct of her counsel.  Moreover, as explained above, she cannot make that showing.  Indeed, her counsel's advice was entirely sound–if she had gone to trial, in all likelihood she would have received a sentence of at least 15 years, just as her counsel cautioned her.

For the foregoing reasons, the court denies Ms. McGoff-Lovelady's claims that she received ineffective assistance of counsel in connection with the negotiation of her plea and waiver and, having concluded that enforcing the waiver contained in Ms. McGoff-Lovelady's plea agreement will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Ms. McGoff-Lovelady's claim concerning ineffective assistance of counsel at sentencing.

8

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. McGoff-Lovelady's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (docs. 123 and 131) is denied in part and dismissed in part and the government's motion to enforce Ms. McGoff-Lovelady's waiver of rights (doc. 142) is granted.

**IT IS SO ORDERED** this 10th day of October, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

9