# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

      Plaintiff,

v.                                            Case No. 06-20060-03-JWL

Lauren McGoff-Lovelady,

      Defendant.

## MEMORANDUM & ORDER

In July 2006, defendant Lauren McGoff-Lovelady pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine within 1000 feet of a school, resulting in a mandatory minimum sentence of 10 years by virtue of 21 U.S.C. § 841(b)(1)(A)(iii). In December 2006, the court sentenced Ms. McGoff-Lovelady to 120 months' imprisonment.

In passing the Fair Sentencing Act of 2010, Congress amended 21 U.S.C. § 841(b)(1)(A)(iii) to provide a mandatory minimum sentence of 10 years for 280 grams or more of cocaine base and to provide a mandatory minimum sentence of 5 years for 28 or more grams of cocaine base. *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) (FSA increased the amount of cocaine base necessary to trigger the ten-year mandatory minimum from 50 grams to 280 grams). The Fair Sentencing Act of 2010 became effective on August 3, 2010. On November 1, 2011, the Sentencing Commission promulgated Amendment 750, which altered the drug-quantity tables in the Sentencing Guidelines for crack cocaine such that a larger

quantity of crack cocaine is required for each base offense level. *United States v. Osborn*, 679 F.3d 1193, 1194-95 (10th Cir. 2012).

This matter is now before the court on Ms. McGoff-Lovelady's motion to modify or correct an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) in which she seeks to have the court apply both the Fair Sentencing Act of 2010 as well as Amendment 750 for the purpose of reducing her sentence. The motion is denied. It is well established in the Tenth Circuit that the Fair Sentencing Act does not apply retroactively to those defendants, like Ms. McGoff-Lovelady, sentenced prior to the FSA's effective date of August 3, 2010. *Lucero*, 713 F.3d at 1027-28. While Ms. McGoff-Lovelady encourages this court to follow the Sixth Circuit's recent decision in *United States v. Blewett*, ___ F.3d ___, 2013 WL 2121945 (6th Cir May 17, 2013), in which the Sixth Circuit held that the Fair Sentencing Act of 2010 must be applied retroactively to defendants sentenced prior to its enactment pursuant to the Equal Protection Clause, this court is bound to follow the law of the Tenth Circuit and may not simply apply the law of the Sixth Circuit.

Moreover, because the statutory minimum sentence associated with Ms. McGoff-Lovelady's crack cocaine offense in 2006 remains applicable to Ms. McGoff-Lovelady today, she is not eligible for section 3582(c)(2) relief through an application of Amendment 750. *See United States v. Shines*, 2013 WL 2420897, at *2 (10th Cir. June 5, 2013) (because Amendment 750 did not lower the applicable mandatory minimum, reduction in sentence was not authorized by 3582(c)(2)); *United States v. Wilson*, 2012 WL 3217606, at *2 n.7 (10th Cir. Aug. 9, 2012) ("Even though Amendment 750 is retroactive, the operation of the statutory mandatory minimum sentence . . . precludes a sentence reduction under 18 U.S.C. § 3582(c)(2).").

Finally, Ms. McGoff-Lovelady, directing the court to *Pepper v. United States*, 131 S. Ct. 1229 (2011), asks the court to consider her "post conviction" rehabilitation and to reduce her sentence accordingly. This request is denied. Pepper held that when a defendant's sentence has been set aside on appeal, a court at resentencing may consider evidence of postsentencing rehabilitation. *Pepper* does not suggest that a court can simply "resentence a defendant in the absence of an appellate decision invalidating the original sentence." *United States v. Jones*, 2013 WL 2364187, at *2 (10th Cir. May 31, 2013).

Ms. McGoff-Lovelady's motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. McGoff-Lovelady's motion to modify or correct a term of imprisonment (doc. 169) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of July, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge